567 F.Supp. 458 (1983)
Filberto MORENO, Plaintiff,
v.
CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; San Francisco Civil Service Commission, a charter commission of the City and County of San Francisco; and San Francisco Public Utilities Commission, a charter commission, of the City and County of San Francisco, Defendants.
No. C-83-0398-WWS.
United States District Court, N.D. California.
July 25, 1983.
*459 Leo Orenstein, Joseph Sandoval, Jr., Rogers, Joseph, O'Donnell & Quinn, San Francisco, Cal., for plaintiff.
Michael C. Killelea, Deputy City Atty., San Francisco, Cal., for defendants.

MEMORANDUM OF OPINION AND ORDER
SCHWARZER, District Judge.
Moreno brought this Title VII action seeking to recover the attorney's fees he incurred in successfully prosecuting his claim of employment discrimination before the San Francisco Civil Service Commission (CSC). Both parties move for summary judgment. Both agree that the matter is ripe for disposition by summary judgment and neither asserts the existence of any triable issue of fact.
The Undisputed Facts: Moreno filed a discrimination charge with the CSC on May 14, 1980, and with the California Department of Fair Employment and Housing (DFEH) on June 16, 1980. DFEH referred the charge to the United States EEOC.
On November 17, 1980, the CSC awarded Moreno injunctive and monetary relief but not fees and costs. The DFEH, which had held its proceedings in abeyance, then withdrew its accusation against defendants. The Department of Justice issued a right-to-sue letter on November 22, 1982.
Discussion: Title VII authorizes an award of attorney's fees for "any action or proceeding under this title." 42 U.S.C. § 2000e-5(k). The question is whether the CSC proceeding comes within these terms.
Plaintiff relies on New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1979). In that case plaintiff filed with the EEOC a charge which was then referred to the New York State Division of Human Rights pursuant to 42 U.S.C. § 2000e-5(c). Plaintiff prevailed before the state hearing examiner; while the examiner's findings were under appeal, the EEOC issued a right-to-sue letter and plaintiff filed an action in federal court. Within months defendants exhausted their state appeals, and plaintiff agreed to dismiss his federal complaint except insofar as it sought an award of attorney's fees. The District Court denied the fee request.
The Supreme Court held that plaintiff was entitled to the attorney's fees he incurred in pursuing his state remedies. Deferral to state and local procedures is an integral part of the Title VII enforcement scheme; if fee awards were unavailable to plaintiffs who prevail at the local level, the "existence of [this] incentive to get into federal court ... would ensure that almost all Title VII complainants would abandon state proceedings as soon as possible," id. at 66 n. 6, 100 S.Ct. at 2032 n. 6, defeating Congress' intent that federal policies be vindicated in nonfederal forums. The Court therefore concluded that Title VII's "authorization of a civil suit in federal court encompasses a suit solely to obtain an award of attorney's fees for legal work done in state or local proceedings." Id. at 66, 100 S.Ct. at 2032.
Defendants attempt to distinguish Carey in two ways. First, they argue that Moreno was not required to resort to proceedings before the CSC, while the plaintiff in Carey was required to resort to New York state remedies; the CSC's proceedings cannot, therefore, be considered a part of the Title VII scheme, but were merely "collateral."
There is some support for this argument in the language of Carey, see id. at 56, 100 S.Ct. at 2027 ("state administrative and judicial proceedings that Title VII requires federal claimants to invoke"), but not in its reasoning. Moreno obtained complete relief in a local proceeding; to deny him *460 attorney's fees would be to create an "incentive to get into federal court." It is immaterial that Moreno was not "required" to proceed before the CSC in the sense that the EEOC would not have referred his complaint directly to that agency; he was required to proceed before the DFEH, and that agency deferred to the CSC. For practical purposes, the CSC was thus incorporated into the Title VII scheme.
Second, defendants adopt the argument of Justice Stevens in his Carey concurrence: Title VII does not authorize a fee award to one who has obtained complete relief in state proceedings before filing a separate federal action. This argument was squarely rejected by the majority, id. at 66 & n. 6, 100 S.Ct. at 2032 & n. 6, and therefore cannot be used to limit Carey.
Plaintiff's motion will therefore be granted.
IT IS SO ORDERED.